UNITED STATES of America,
Plaintiff—Appellee,

v.

William DEVINE, Defendant—
Appellant.

No. 01–30402.
D.C. No. CR–01–00024–BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2002.

Decided Oct. 4, 2002.

Before HILL *, GOULD and BERZON,
Circuit Judges.

MEMORANDUM **

William Devine ("Devine") appeals his
sentence and conviction. Devine was con-
victed of one count of sexual abuse of a
minor in violation of 18 U.S.C. §§ 1153,
2243(a) and sentenced to 48 months im-

---

* The Honorable James C. Hill, Senior United
States Circuit Judge for the Eleventh Circuit
Court of Appeals, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

prisonment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I

There is sufficient evidence to support Devine's jury-trial conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Wright*, 215 F.3d 1020, 1025 (9th Cir.2000).

The elements of the offense of sexual abuse of a minor within Indian country are that: (1) the defendant is an Indian; (2) the offense occurred on an Indian Reservation; (3) the defendant knowingly engaged in a sexual act with another person; (4) the other person is between the ages of 12 and 16; and (5) the other person is four or more years younger than the defendant. 18 U.S.C. §§ 1153, 2243(a).

■ The only element of the crime that Devine contests on appeal is whether he knowingly engaged in a sexual act with the victim. *See* 18 U.S.C § 2243(a). Before trial, Devine confessed to police that he had engaged in a sexual act with the victim. The victim also made several consistent statements to medical staff, police and at trial stating that she had engaged in a sexual act with Devine. Viewing the evidence in the light most favorable to the prosecution, we affirm Devine's conviction. Devine's challenge to the substantiality of the evidence of a knowing sexual act between him and the victim is without merit.

## II

Devine also appeals two separate two-level upward departures made by the district court pursuant to the United States Sentencing Guidelines. We review the dis-

trict court's interpretation of the Sentencing Guidelines de novo and the factual findings at sentencing for clear error. *United States v. Foppe*, 993 F.2d 1444, 1452 (9th Cir.1993).

Devine contends that: (1) he did not have "custody, care, or supervisory control" of the victim to warrant a two-level upward departure under U.S.S.G § 2A3.2(b)(1); and (2) he did not use "physical restraint" to warrant a two-level departure under U.S.S.G § 3A1.3. We disagree, concluding that both upward departures were warranted by the evidence admitted at trial.

A. *Upward adjustment for "custody, care or supervisory control" of the victim under § 2A3.2(b)(1).*

The sentencing judge found that the victim was in Devine's care because he invited the victim to his home unaccompanied by her mother for a period of five days, because the victim viewed Devine like a stepfather, and because Devine had a continuing relationship with the victim prior to commission of the crime. The district court's factual findings with respect to Devine's relationship with the victim are supported by the record and are not clearly erroneous.

■ We must consider whether § 2A3.2(b)(1) supports the two-level upward departure, based on the factual findings of the district court, as a matter of law. The district court found that the record supported the existence of a stepfather to stepdaughter relationship between Devine and the victim. Devine lived at times with the victim and her mother when the victim was a younger child. Indeed, he was engaged to marry her mother at one point. After a five-year absence due to incarceration, Devine returned to the victim's life, taking her and her brother camping five months before the incident.

Most importantly, the victim considered Devine to be like a stepfather, a perception crucial to the "actual relationship" determination referred to in the commentary to the Sentencing Guideline. U.S.S.G. § 2A3.2, cmt. 2 (2001). Under these circumstances, it was not error to consider that Devine acted *in loco parentis* when he took the child into his residence for five days without the child's mother. Under the total circumstances, the presence of the victim in Devine's home, without her mother and with Devine's permission, placed the victim in Devine's "custody, care, or supervisory control" withing the meaning of the guideline. *See* U.S.S.G. § 2A3.2(b)(1). The district court correctly applied a two-level increase to the base offense level under § 2A3.2(b)(1) of the Sentencing Guidelines.

B. *Upward Adjustment for "Restraint of Victim" under § 3A1.3*

The district court also applied a two-level upward adjustment under § 3A1.3, which allows such an adjustment "[i]f a victim was physically restrained in the course of the offense." The sentencing judge found that Devine physically restrained the victim on at least one occasion, using force of some degree while attempting to have sexual intercourse with her. The district court's factual findings with respect to Devine's restraint of the victim are supported by the record and not clearly erroneous.

Devine argues that holding the victim's arms or hands down during sexual intercourse does not restrain the victim in a more severe manner than a similar offense which was committed without this restraint as a matter of law.

█ It is not clear from the record whether the victim initially consented to the sexual intercourse during her sojourn at Devine's residence. Even if she did, she certainly had the right to say no subsequently and Devine's force in response was a restraint of the victim. When Devine held the victim's arms down during sexual intercourse, against her will, the restraint was more severe than an act of sexual intercourse which did not involve holding down the victim's arms. *United States v. Vought*, 69 F.3d 1498 (9th Cir. 1995). The district court properly applied a two-level increase to Devine's base offense level under § 3A1.3 of the Sentencing Guidelines.

AFFIRMED.